

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 26 1966

Honorable Joe Resweber                Opinion No. C-768
County Attorney
Harris County Courthouse              Re: What fee is an appointed counsel
Houston, Texas                             entitled to under the provisions
                                           of Article 2605, Code of Criminal
                                           Procedure, when he appears in two
                                           or more cases before the Court
                                           of Criminal Appeals on the same
Dear Mr. Resweber:                         day?

    In your opinion request to this office you ask what fee an
appointed counsel is entitled to receive under the provisions of
Article 26.05, Vernon's Code of Criminal Procedure, when he appears
in two or more cases before the Court of Criminal Appeals on the
same day.

    Article 26.05 reads as follows:

        "Sec. 1  A counsel appointed to defend a
    person accused of a felony or a misdemeanor
    punishable by imprisonment shall be paid from
    the general fund of the county in which the
    prosecution was instituted according to the
    following schedule:

        (a)  For each day in trial court representing
    the accused. a fee of not less than $25.00 nor
    more than $50.00;

        (b)  For each day in trial court representing the
    accused when the State has made known that it will
    seek the death penalty, a fee of not less than $25.00
    nor more than $100.00;

        (c)  For expenses incurred for purposes of investiga-
    tion and expert testimony, not more than $250.00;

        (d)  For the prosecution to a final conclusion of
    a bona fide appeal to the Court of Criminal Appeals,
    a fee of not less than $100.00 nor more than $250.00;

        (e)  For the prosecution to a final conclusion of
    a bona fide appeal to the Court of Criminal Appeals
    in a case where the death penalty has been assessed,
    a fee of not less than $100.00 nor more than $500.00.

-3692-

"Sec. 2  The minimum fee will be automatically allowed unless the trial judge orders more within five days of the judgment.

"Sec. 3  All payments made under the provisions of this Article may be included as costs of court.

"Sec. 4  An attorney may not receive more than one fee for each day in court, regardless of the number of cases in which he appears as appointed counsel on the same day."

Section 4 of Article 26.05 states that an attorney may not receive more than one fee for each day in court, regardless of the number of cases in which he appears as appointed counsel on the same day.

Subdivisions (d) and (e) of Section 1 of Article 26.05, both refer to cases appealed to the Court of Criminal Appeals, and the question is whether Section 4 applies to these two subdivisions so that an attorney who appears in two or more cases before the Court of Criminal Appeals on the same day is limited to one fee.

It will be noticed that in both Subdivisions (a) and (b) of Section 1 of Article 26.05 reads in part:  "For each day in trial . . . a fee of . . ." (Emphasis added).

Section 4 reads in part:  "An attorney may not receive more than one fee for each day in court. . ." (Emphasis supplied).

Since both Subdivisions (d) and (e) are written in terms of fees paid for the prosecution to a final conclusion of a bona fide appeal and do not refer to fees paid for each day in court, it is concluded that Section 4 applies only to subdivision (a) and (b) of Section 1 of Article 26.05, where fees are provided for each day in court, and not for the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals.

In a special commentary by Judge John F. Onion, Jr., in Vernon's Code of Criminal Procedure, Article 26.05, he supports this result by saying in part:

"The Legislature did limit an appointed attorney to one fee for each day in court regardless of the number of cases on same day.  This was necessary because of the inclusion of jail punishable misdemeanors where an attorney might be appointed to 10 to 20 cases in one day.  Note that no distinction is made between pleas of guilty and not guilty in the pay schedule."  (Emphasis supplied).

-3693-

Honorable Joe Resweber, Page 3 (Opinion No. C-768)

It is therefore our opinion that under the provisions of Article 26.05, Vernon's Code of Criminal Procedure, an appointed counsel is to be paid a separate fee for each bona fide appeal prosecuted to a final conclusion to the Court of Criminal Appeals, irrespective of whether appointed counsel appears in two or more cases before the Court of Criminal Appeals on the same day.

S U M M A R Y

Under the provisions of Article 26.05, Vernon's Code of Criminal Procedure an appointed counsel is to be paid a separate fee for each bona fide appeal prosecuted to a final conclusion to the Court of Criminal Appeals, irrespective of whether appointed counsel appears in two or more cases before the Court of Criminal Appeals on the same day.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

By: *Dunklin Sullivan*

DUNKLIN SULLIVAN
Assistant Attorney General

DS/pw

APPROVED
OPINION COMMITTEE
W. V. Geppert, Chairman
Ronald Luna
Robert Owen
John Reeves
Gordon Houser

APPROVED FOR ATTORNEY GENERAL
BY: T. B. Wright